granted and the place of trial fixed in Warren county, with costs on appeal to the appellant and ten dollars costs on the motion. We suggest also that when these cases are reached for trial that the case in which Mrs. Egan is the plaintiff should be tried with them. Hill, P. J., Heffernan, Schenck and Foster, JJ., concur; Crapser, J., dissents, and votes to affirm the order upon the grounds that the accident for which the action is brought occurred in Washington county and that the plaintiff in Action No. 2 is a resident of Washington county and there is much in the record that would indicate that the plaintiff in Action No. 1 is a resident of the State of Indiana.

HILLCREST LUMBER Co., INC., Appellant, v. VINCENT MANCUSI and DOROTHY MANCUSI, Respondents, and KENNETH A. WHITE and Others, Defendants.— Judgment and orders unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

ROBERT LEONHARDT, Individually and as Guardian ad Litem of GEORGE ROBERT LEONHARDT, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 25202.) — Appeal from a judgment of the Court of Claims dismissing the claim of claimant, appellant, on the merits. The action was brought against the State as the result of an injury suffered by George Robert Leonhardt, an infant seventeen years of age at the time of injury, on February 11, 1938. The said Leonhardt was an inmate of the New York State Vocational Institution at West Coxsackie, having been committed to that institution some time prior to the date of the accident which resulted in his injuries. The case was tried before the late Judge Joseph A. Murphy, who died before rendering his decision, and the case was thereafter decided by Judges Fitzsimmons and Greenberg on the transcript of the testimony taken. The court held that the State was in no way negligent and that the carelessness and negligence of the infant claimant was the proximate cause of the accident causing the injuries. The injuries were sustained by the falling of a tree which was being chopped down by inmates of the institution. This tree was about fourteen inches in diameter. No specific instruction had been given the inmates as to the manner of felling a tree of this size by chopping with an axe. This particular tree was misshapen, having a pronounced curve in its trunk, and when the same struck the ground, the butt was forced upwards and rolled against the infant claimant, crushing his foot. We believe that the felling of a tree of this size and character requires more experience than that which might be expected from a boy raised in the city of New York and who had never been engaged in any lumbering occupation. It is conceded that no specific instructions had been given any of the inmates as to work of this character. In the circumstances, the judgment dismissing the claim should be reversed and a new trial ordered, with costs to the appellant to abide the event. Judgment reversed and a new trial granted, with costs to the appellant to abide the event. Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ., concur.

ALBERT C. BRISTOL, Appellant, v. JOYCE KITTINGER, Respondent.— Appeal from a judgment of no cause of action in favor of the defendant in an action brought for the purchase price of goods, wares and merchandise and for services rendered. The evidence presented an issue of fact. Error was charged because defendant's counsel asked a witness if he had been charged with grand larceny by the defendant and if he had been indicted by the grand jury. This was not reversible error. (*People* v. *Milks*, 70 App. Div. 438.) Judgment and order unanimously affirmed, with costs. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.