DANIEL KING, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 30730.)

Court of Claims, December 9, 1952.

*Emanuel Greenberg* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*David Marcus* of counsel), for defendant.

SYLVESTER, J.   Claimant, a former inmate of Sing Sing Prison, was injured on April 12, 1950, when a blowtorch, which he was using during a refrigeration course, exploded, causing him to sustain severe burns.   He had been assigned to a vocational course of study in refrigeration maintenance and repair, which was under the general supervision of an educational supervisor at Sing Sing, assisted by two inmate instructors.

It appears that no instruction was ever afforded the claimant with respect to the preheating or priming of the torch and that he was inadequately advised as to the means to be employed to properly ignite it.   On the day in question, he was directed to dehydrate some copper tubing in a refrigerator.   To accomplish this he was handed a blowtorch by the inmate instructor McMorrow.   After pumping air into the torch and attempting to ignite it, he produced only a small whitish flame which was insufficient for the purpose and which, as a matter of fact, indi-

cated that the mechanism was not functioning properly. On inquiry of McMorrow as to what he should do, he was advised to pump more air into the torch without, however, being cautioned to first shut off the flame. Whereupon, the torch exploded and claimant was seriously burned. Admittedly such advice was insufficient and improper. Claimant was not properly instructed in the use of the blowtorch, a dangerous instrumentality in the hands of the unwary and the inexperienced. Moreover, it appears that no inspections of this equipment were ever made by the State since its acquisition. Because of the constant pressure by pumping, the base of the torch is prone to wear thin, making its continued use dangerous. Thus, inspections are an important and necessary complement in its use.

The foregoing summarizes the uncontradicted evidence, the State having offered no proof on its case. The court finds that the State has been remiss in its duty to the claimant and that his injuries were caused by the State's negligence. (*Paige* v. *State of New York,* 245 App. Div. 126, affd. 269 N. Y. 352; *Leonhardt* v. *State of New York,* 264 App. Div. 808, motion for reargument denied 264 App. Div. 925, appeal dismissed 291 N. Y. 676.) Nor can it be said that claimant was guilty of contributory negligence. He was inexperienced and uninstructed and definitely not a free agent (*Gould* v. *State of New York,* 196 Misc. 488, 491).

As a result of the accident, claimant sustained fourth degree burns of the right chest; third degree burns of the right hand and wrist, necessitating skin grafting; and first degree burns of the left hand, the neck and the left side of the face. There was much scarring, disfigurement, discoloration (kiloid formation) and limitation of motion, all of a permanent nature. Claimant had been admitted to the hospital on April 13, 1950, and was discharged on August 14, 1950. He suffered excruciating pain for several weeks and was bedridden for three months. As of the date of trial, there is still a partial disability in the use of claimant's right hand.

Judgment in the sum of $12,000 is awarded in favor of claimant against the State of New York.